# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Mamady Kalifa Keita,

       Petitioner,

v.

Michelle Smith, Warden,

       Respondent.

Civ. No. 14-647 (DSD/JJK)

**REPORT AND
RECOMMENDATION**

Mamady Kalifa Keita, #231478, 970 Pickett Street Bayport, Minnesota 55003-1490, *pro se.*

Jean E Burdorf, Hennepin County Attorney's Office - A2000, 300 S 6th St. Ste A-2000, Minneapolis, MN 55487, counsel for Respondent.

JEFFREY J. KEYES, United States Magistrate Judge

      This matter is before the Court on Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner Mamady Kalifa Keita is a prisoner confined at the Minnesota Correctional Facility at Stillwater, Minnesota, as the result of a conviction and sentencing in Hennepin County District Court. Keita was convicted by a jury in December 2009, on two counts of first-degree criminal sexual conduct and one count of first-degree burglary. The conviction relates to a sexual assault which occurred in April 2009. Keita was sentenced to a 253-month prison term in April 2012. The action has been referred to the Magistrate Judge for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.

Keita specifically alleges in his petition that: (1) his Sixth Amendment jury trial right was violated as a result of jury confusion relating to the use of verdict forms; (2) his right to due process was violated as a result of a lesser included offense instruction to the jury; (3) his right to confront witnesses and accusers was violated; (4) his rights under the Fifth Amendment, Ex Post Facto clause, and the Fourteenth Amendment were violated by his sentence; (5) he was denied effective assistance of counsel at trial and on appeal; (6) his Sixth Amendment right to a fair trial was violated as a result of prosecutorial misconduct in its characterization of the victim; (7) the evidence was insufficient to convict him of burglary or criminal sexual conduct; and (8) the court abused its discretion in a series of trial rulings and thus violated his Sixth Amendment rights. For the reasons discussed below, this Court recommends that the petition be denied and this action be dismissed with prejudice.

## I.  BACKGROUND[1]

Kieta was convicted in Hennepin County District Court on two counts of first-degree criminal sexual conduct and one count of first-degree burglary in 2009.  The conviction arose out of an incident that occurred on April 1, 2009 when Keita and a friend, DeAngelo Madison, attended a party hosted by the rape victim.  The rape occurred when the party was over and the other guests had left.

---

[1] *State v. Keita*, A10-766, 2011 WL 978237 (Minn. App. Mar 22, 2011), *review denied* (Minn. May 25, 2011).

Afterwards, the victim contacted the police to report that Kieta and Madison had raped her.  A sexual assault examination was conducted, DNA swabs were obtained, and the victim gave a statement to the investigating officer. The victim identified Keita as her assailant from a photo array, and he was arrested.  At trial, Keita claimed that he had consensual sex with the victim, but the jury convicted him of the two counts of criminal sexual conduct and one count of burglary.  In January 2010, he was sentenced to 281 months in prison.  On appeal, the matter was remanded for resentencing and petitioner was resentenced to a term of 253 months as discussed below.

## II. PROCEDURAL HISTORY[2]

Keita appealed his conviction, arguing that he was not given a fair trial because of prosecutorial misconduct; his sentence length was incorrect; there was insufficient evidence to convict; he received ineffective assistance of trial counsel; and the State failed to call necessary witnesses.  The Minnesota Court of Appeals upheld the conviction, but remanded the case to the trial court for resentencing because Keita's sentence was improperly calculated as a result of an incorrect criminal-history score.  In April 2011, the trial court resentenced Keita, changing the sentence duration to 254 months and the sentence type to consecutive rather than concurrent.  This sentence was recalculated to 253 months in May 2011.  Keita's petition to the Minnesota Supreme Court for review

---

[2] *State v. Keita*, No. A12-1320, 2013 WL 3968602 (Minn. Ct. App. Aug. 5, 2013),
(Footnote Continued on Following Page)

of his claims was denied.

On March 8, 2012, Keita filed a state post-conviction petition.  He argued that he was improperly sentenced, the jury was improperly instructed, the prosecutor's misconduct deprived him of a fair trial, the evidence was insufficient to convict him, the trial judge was partial, and his appellate counsel provided him ineffective assistance. The petition was denied by the trial court.

Keita appealed the denial of his post-conviction petition, and the decision was upheld on August 5, 2013.  The Minnesota Court of Appeals responded directly to Keita's claims of ineffective assistance of counsel and improper sentencing.  The appellate court agreed with the trial court and found Keita's ineffective trial counsel claim to be barred under Minnesota's *Knaffla* rule which bars collateral review in Minnesota state court when: (1) the issue was already litigated on direct appeal or (2) the issue was known or should have been known, but was not raised on direct appeal. *State v. Knaffla*, 243 N.W.2d 737, 741 (1976). The Minnesota Court of Appeals found that Keita's claim of ineffective appellate-counsel was not *Knaffla* barred.  However, it concluded that Keita did not put forward facts or arguments to support this claim, and found that the post-conviction trial court had not abused its discretion by failing to address the appellate counsel claim.  The Minnesota Court of Appeals stated:

Keita has made no attempt to establish that his appellate counsel's

_____

(Footnote Continued from Previous Page)
re*view denied* (Minn. Nov. 12, 2013).

> performance fell below an objective standard of reasonableness or that the outcome of his case would have been different but for his counsel's alleged errors.  He has, for example, failed to make any argument that his appellate counsel's judgments were incorrect or that she specifically failed to raise reasonable and dispositive arguments.

*State v. Keita*, No. A12-1320, 2013 WL 3968602 (Minn. Ct. App. Aug. 5, 2013).

The Minnesota Court of Appeals also dismissed Keita's improper sentencing claim.  He argued that the sentence was incorrect because he was sentenced under the wrong sentencing guideline and because his prison terms were changed from concurrent to consecutive.  The court held that Keita's resentencing was supported by the guidelines and caselaw.  The fact that the sentences were consecutive did not "represent a departure from the sentencing guidelines."  *Keita*, 2013 WL 3968602, at *2.  The Minnesota Court of Appeals also concluded that other bases of Keita's post-conviction petition were raised in a direct appeal or were known or should have been known and raised in a direct appeal and were, therefore, *Knaffla* barred.

## III. STANDARD OF REVIEW

Federal habeas corpus relief is only available to a person in custody in violation of the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

A writ of habeas corpus may issue only upon the showing that the

underlying state court adjudication resulted in a decision that (1) was contrary to clearly established federal law, or involved an unreasonable application of clearly established federal law; or (2) was based on an unreasonable determination of the facts in light of evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).  This court "presumes that the state court's factual determinations are correct," a presumption that "may be rebutted only by clear and convincing evidence."  *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000), 28 U.S.C. § 2254(e)(1).

### Exhaustion and Procedural Default

Before filing a federal habeas petition, a petitioner must exhaust his state court remedies by fairly presenting his federal constitutional claims to the highest available state court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A federal claim is fairly presented when the petitioner refers "to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts."  *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (quoting *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir. 2007)).

If a petition contains claims that have not been fairly presented, the court must determine if those claims are unexhausted or procedurally defaulted.  A claim is unexhausted if the claim has not been fairly presented in one complete round of the state's established appellate review process, *O'Sullivan*, 526 U.S. at 845, but the petitioner has the right under state law to raise the claim by any

6

available procedure. 28 U.S.C. § 2254(c).  A claim is procedurally defaulted if it has not been fairly presented in the state courts and the state courts will no longer review it because an independent and adequate state procedural rule precludes further litigation of the claim.  *Coleman v. Thompson*, 501 U.S. 722, 730–34 (1991).

Under Minnesota law, when a direct appeal has been taken, but known claims have not been raised in the appeal, then all such claims will not be considered upon a subsequent state petition for post-conviction relief except (1) where a claim is so novel that its legal basis was not reasonably available at the time of the direct appeal, or (2) the defendant did not deliberately or inexcusably fail to raise the issue in the first appeal and fairness required review.  *Gail v. State,* 732 N.W.2d 243, 246 (Minn. 2007) (citing *White v. State,* 711 N.W.2d 106, 109 (Minn. 2006)).  Any such claims that are not raised on direct appeal and are thus barred from state post-conviction review are not cognizable in federal habeas because they are procedurally defaulted.

When a claim is procedurally defaulted in state court, the federal habeas court will only consider the claim if the prisoner has demonstrated cause and prejudice for the default, or failure to consider the claim will result in a fundamental miscarriage of justice.  *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (citing *Coleman*, 501 U.S. at 750).  Prejudice need not be considered where a petitioner has failed to fulfill the cause prong of the test.  *Id*.  The miscarriage-of-justice exception is only available to a petitioner who has

demonstrated that a constitutional violation has probably resulted in the conviction of an innocent person.  *Id.*  If the exceptions do not apply, the procedural default cannot be excused, and the court will deny the petition without addressing the merits of the claim.  This court will hereafter address procedural default and cause and prejudice as appropriate with respect to each of the claims for relief.

### Ineffective Assistance of Counsel

To evaluate a claim of ineffective assistance of counsel, federal courts apply the *Strickland* and AEDPA standards.  *See Harrington v. Richter*, 131 S. Ct. 770 (2011).  To satisfy *Strickland*, a petitioner must show both that counsel provided deficient assistance and the petitioner was prejudiced as a result.  *Id.* Deficient assistance requires a showing that "counsel's representation fell below an objective standard of reasonableness."  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  This is a difficult standard for any petitioner to meet.  There is a strong presumption in favor of counsel.  *Id.* at 689.

Next, the petitioner must show that these errors resulted in prejudice against him.  A showing of prejudice consists of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  This probability must be "sufficient to undermine confidence in the outcome," *id*, not simply that "errors had some conceivable effect on the outcome of the proceeding."  *Id.* at 693.  These errors must be serious enough to demonstrate "that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

If the petitioner satisfies both prongs of *Strickland*, he must then satisfy §

2254(d) of AEDPA.  The standard created by adding § 2254(d) to *Strickland* is

"doubly" deferential to counsel.  *Harrington,* 131 S. Ct. at 785 (2011) (quoting

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).  "The pivotal question is

whether the state court's application of the *Strickland* standard was

unreasonable[, not] whether defense counsel's performance fell below

*Strickland*'s standard."  *Id.*  "Under AEDPA . . . 'an *unreasonable* application of

federal law is different from an *incorrect* application of federal law.'"  *Id.* (quoting

*Williams v. Taylor*, 529 U.S. 362, 410 (2000)). The habeas court does not decide

whether counsel's actions were reasonable, but whether there is a reasonable

argument that counsel satisfied *Strickland*'s deferential standard.

## IV.   ANALYSIS

Keita bases his claims for habeas corpus relief on several grounds as

individually addressed below.

### 1.   Sixth Amendment Jury Trial Right

Keita contends that his right to a jury trial under the Sixth Amendment was

violated as a result of confusion regarding the jury forms.  Specifically, Keita

alleges that the court did not give the jury a "not guilty" form for one of the

charges.  He argues that the jury had no option to find him not guilty, and that the

jury was confused and forced to find him guilty.

The State argues that this claim is procedurally barred because it was not

raised on direct appeal.  Keita's petition admits this.  (Pet. 7).  He claims that when he brought this potential claim to the attention of his appellate counsel, she told him the law did not support this claim, and she did not raise it.  *Id.*  On post-conviction review the Minnesota Court of Appeals found that this claim was "barred under *Knaffla* and that no exception applies" because Keita should have known about the claim but did not raise it in a direct appeal.  *Keita*, 2013 WL 3968602 at *3.

As previously stated, a federal court may not review a defaulted claim on the merits unless a petitioner "is able to demonstrate either cause for his default and actual prejudice, or that the failure to consider his claims would result in a fundamental miscarriage of justice." *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011) (citing *Coleman*, 501 U.S. at 750).  The miscarriage-of-justice exception is only available to a petitioner who has demonstrated that a constitutional violation has probably resulted in the conviction of an innocent person.  *Id.*  That exception is not applicable to Keita.   However, if Keita is able to show cause and prejudice, he may overcome the procedural default.

First, the court must determine whether Keita is able to show cause for his procedural default.  Keita contends that he raised the issue with his appellate attorney, but she advised him that the law did not support the claim.  However, even if this claim was not meritless, "Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of

attorney error.'" *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Therefore, it is irrelevant that Keita told his attorney about the claim.  In fact, it only shows that this claim was known but not raised.  *See Knaffla,* 243 N.W.2d  at 739.  Because Keita is unable to show cause, the court does not need to consider prejudice and his claim is procedurally defaulted.

### 2.    Due Process Right Concerning a Lesser Included Offense Instruction

Keita claims that his right to due process was violated as a result of a lesser included offense instruction to the jury.  Keita alleges that this instruction confused the jury and forced the panel to return a guilty verdict, and the State responds that this claim is procedurally barred and meritless.  Like the first claim, this claim was deemed procedurally barred by the Minnesota Court of Appeals. *Keita*, 2013 WL 3968602 at *3.  Keita also uses the same "cause" to explain why he did not bring this claim in his direct appeal, i.e., that when he pointed this issue out to his appeal counsel, she told him that she would not raise the issue because it was meritless and unsupported by law.  (Pet. 8).  As with the first claim, his attorney's "ignorance or inadvertence is not 'cause' . . . ." *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488).  Because Keita is unable to show cause, the court does not need to consider prejudice and finds his claim to be procedurally defaulted.

### 3.    Sixth Amendment Right to Confront Witnesses and Accusers

Keita complains that his Sixth Amendment right to confront witnesses and

accusers against him was violated because certain individuals did not testify at

his trial, and he places blame for not calling them on the prosecution.  On direct

appeal, the Minnesota Court of Appeals concluded that Kieta's Sixth Amendment

rights were not violated in this case, stating:

> Appellant argues that his Sixth Amendment confrontation rights were
> violated by the state choosing not to call several potential witnesses.
> That argument fails because the state, or any other party, is under
> no duty, constitutional or otherwise, to call any particular witnesses.
> Appellant's Sixth Amendment right to confront witnesses against him
> has not been violated. *See   United States v. Bond*, 552 F.3d 1092,
> 1097 (9th Cir. 2009) (noting that "it is elementary that litigants are
> not required to call every witness identified on their witness lists").

*Keita*, 2011 WL 978237, at *4.

The state court reasonably applied federal law to find this Sixth

Amendment claim meritless.  "In all criminal prosecutions, the accused shall

enjoy the right to . . . be confronted with the witnesses against him . . . ."  U.S.

Const. amend. VI.  The Confrontation Clause "applies to 'witnesses' against the

accused—in other words, those who 'bear testimony.'" *Crawford v. Washington*,

541 U.S. 36, 51 (2004) (quoting 2 N. Webster, An American Dictionary of the

English Language (1828)).  "Furthermore, the 'calling or not calling of witnesses

is a matter normally within the realm of the judgment of counsel' . . . ." *Frank v.*

*Brookhart*, 877 F.2d 671, 674 (8th Cir. 1989) (quoting *Sherrill v. Wyrick*, 524 F.2d

186, 190 (8th Cir.1975), *cert. denied*, 424 U.S. 923 (1976)).  Under the

Confrontation Clause, the State had no constitutional obligation to call certain

witnesses in Kieta's defense.  The Confrontation Clause claim fails.

**4.     Rights Under the Fifth Amendment, Ex Post Facto Clause, and the Fourteenth Amendment**

The state court of appeals affirmed the post-conviction court's decision that Keita had been sentenced properly.  *Keita*, 2013 WL 3968602 at *2.  However, Keita alleges that his sentence violates the Ex Post Facto clause, the double jeopardy clause, and his due process rights.  The state court did not expressly address Keita's claim that the imposition of a consecutive sentence for burglary on remand violated the Ex Post Facto Clause.  But Keita does not have any cognizable claim based on the Ex Post Facto Clause.  Keita is presumably referring to the type of Ex Post Facto law which "changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed."  *Id.* (quoting *Calder v. Bull*, 3 U.S. 386, 390 (1798)).  This is not relevant to his case.  He acknowledges that the 2008 Minnesota Guidelines were in effect at the time of his crime, (Pet'r's Resp. 18), and he was sentenced and re-sentenced under the 2008 Minnesota Guidelines.  *See Keita*, 2013 WL 3968602 at *5.

Keita's sentence also does not violate the Double Jeopardy Clause.  The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  The Supreme Court held that the clause "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense."  *Monge v. California*, 524

U.S. 721, 727-28 (1998).  This protection is irrelevant to sentencing proceedings because sentencing determinations do not place a defendant in jeopardy for an "offense" and are not additional punishment for a previous offense.  *Id.*  In finding that Petitioner's claim that his resentencing violated the Double Jeopardy clause should be dismissed, the state court did not unreasonably apply federal law.

### 5.     Ineffective Assistance of Counsel

Keita's claim for ineffective assistance of counsel at trial is procedurally barred.  In his direct appeal, Keita filed a pro se supplemental brief in which he made two claims of ineffective assistance of trial counsel.  (Resp't's App. 30).  The first claim related to trial counsel's failure to object to a prosecutorial mistake involving the failure to redact a sentence in the transcript of Keita's police interview which said: ". . . cause one night, like they had a party or whatever." (State's Mem. 21).  The second claim was that trial counsel "failed to have [a Detective] cement [a defense witness's] testimony."  (Resp't's App. 30).  Keita does not bring either of these claims in this habeas petition.  His claims in this habeas petition are that trial counsel was ineffective for failure to call certain witnesses, object to ambiguous jury instructions, or object to the prosecutor's characterization of the victim.  The Eighth Circuit requires "habeas petitioners to present to the state courts 'the same specific claims of ineffective assistance made out in the habeas petition.'"  *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (quoting *Wyldes v. Hundley*, 69 F.3d 247, 253 (8th Cir.1995)).  These claims were not raised in direct appeal though Keita knew or should have known

of them.  *See Knaffla*, 243 N.W.2d at 741.  Therefore, these claims are

procedurally defaulted.

Keita can show no cause to explain why these claims were not brought in

direct appeal.

> [C]ause excusing procedural default generally turns upon whether
> "some objective factor external to the defense impeded counsel's
> efforts to comply with the State's procedural rule," such as a showing
> that the factual or legal basis of the claim was not then available or
> that some interference by officials made compliance impracticable.

*Hill v. Norris*, 96 F.3d 1085, 1087 (8th Cir. 1996) (quoting *Murray v. Carrier*, 477

U.S. 478, 488 (1986).  Keita either did not know about these claims, but should

have, or he chose not to bring them.  Even if Keita did not know about these

possible claims of ineffective assistance, his possible ignorance is not an

"external impediment" that excuses his procedural default.  See *Duvall v. Purkett*,

15 F.3d 745, 748 (8th Cir. 1994) (Petitioner did not learn that he would be

required to serve a sentence until after his remedy was time-barred).  Thus, Keita

can show no cause for his failure to raise these claims on direct appeal.

Because prejudice need not be considered where a petitioner has failed to show

cause, *McCall*, 114 F.3d at 758 (citing *Coleman*, 501 U.S. at 750), Keita's claims

of ineffective assistance of trial counsel raised in his habeas petition are

procedurally defaulted.

Keita also claims ineffective assistance of counsel at the appellate court

level.  The petition asserts three grounds for ineffective assistance of counsel on

direct appeal: (1) counsel's refusal to assert on direct appeal issues of

prosecutorial misconduct, (2) ambiguous verdicts, and (3) improper sentencing

despite those issues having been brought to her attention.   In Keita's post-

conviction appeal, the court of appeals affirmed the district court's denial of

Keita's claim of ineffective assistance of appellate counsel because he did not

present an argument or facts to support it.  Keita, 2013 WL 3968602 at *2.  The

court stated:

> Keita has made no attempt to establish that his appellate counsel's
> performance fell below an objective standard of reasonableness or
> that the outcome of his case would have been different but for his
> counsel's alleged errors. He has, for example, failed to make any
> argument that his appellate counsel's judgments were incorrect or
> that she specifically failed to raise reasonable and dispositive
> arguments. For this reason, we hold that the postconviction court's
> failure to address Keita's ineffective assistance of appellate counsel
> claim was, at most, harmless error.

*Id.* As this opinion of the Minnesota Court of Appeals shows, Petitioner did not

fairly present his claim that appellate counsel was constitutionally ineffective to

the state court.

> A claim is procedurally defaulted if not fairly presented in state court
> before raising it in federal court. To be fairly presented 'a petitioner is
> required to refer to a specific federal constitutional right, a particular
> constitutional provision, a federal constitutional case, or a state case
> raising a pertinent federal constitutional issue.

*Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (citing *Abdullah v. Groose*, 75

F.3d 408, 411 (8th Cir.1996) (en banc)).  As the Minnesota Court of Appeals

observed, Keita failed to present the state court with information about how his

appellate counsel's performance was deficient:

> A thorough description of the operative facts before the highest state court is a necessary prerequisite to satisfaction of the standard . . . that "a federal habeas petitioner [must] provide the state courts with a 'fair opportunity' to apply controlling legal precedent to the facts bearing upon his constitutional claim.

*Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (overruled on other grounds by *Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  "It is not enough to recite 'only . . . the facts necessary to state a claim for relief,' or to 'make a general appeal to a constitutional guarantee as broad as due process."  *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (quoting *Gray v. Netherland*, 518 U.S. 152, 163 (1996)). *See also*, *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir.2001)) ("In the interests of federal-state comity, both the operative facts and controlling law must be put before the state courts"); *Jones v. Sussex I State Prison*, 591 F.3d 707, 713 (4th Cir. 2010) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir.2000)) (holding that fair presentment requires that constitutional claims are presented "such that 'both the operative facts and the controlling legal principles [are] presented to the state court'"); *Wenceslao v. Quarterman*, 326 F. App'x 789, 790 (5th Cir. 2009) (petitioner did not present the state court "with a constitutional claim that described both the operative facts and the federal legal theory upon which the claim was based . . . .")).

Thus, Kieta's claim of ineffective assistance of appellate counsel is procedurally defaulted, and not cognizable in a federal habeas action, because

he did not, despite the opportunity to do so, fairly present his claim in state court.

### 6.    Prosecutorial Misconduct

Keita argues that prosecutorial misconduct deprived him of a fair trial.  This

alleged misconduct consisted of the prosecution's characterization of the victim,

the prosecution's characterization of Keita's defense, and the prosecutor's

apparent attempt to procure members of the jury who were personally affected

by rape.  In Keita's direct appeal, the Minnesota Court of Appeals agreed that the

prosecutor's actions constituted "knowingly improper conduct," but held that "In

light of the [prosecutor's] argument as a whole, evidence adduced at trial, and

existing caselaw, the statements by the prosecutor do not rise to the level of

serious misconduct so as to deny appellant his right to a fair trial."  *Keita*, 2011

WL 978237 at *3.

The state court reasonably applied federal law in determining that the

prosecutor's conduct did not deny Keita the right to a fair trial.  "[A] prosecutor's

improper comments will be held to violate the Constitution only if they 'so infected

the trial with unfairness as to make the resulting conviction a denial of due

process.'"  *Parker v. Matthews*, 132 S. Ct. 2148, 2153 (2012) (quoting *Darden v.

Wainwright*, 477 U.S. 168, 181 (1986)).  The *Darden* standard is a very general

one and leaves courts leeway to determine outcomes on a case-by-case basis.

*Id.* at 2155 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  Even if

the prosecutor's argument are "undoubtedly . . . improper," "offensive,"

"undesirable," or "universally condemned," it does not mean that "the argument[s]

18

rendered the trial unfair." *Darden*, 477 U.S. at 179-181.  The Supreme Court stated that the types of misconduct which render a trial unfair include manipulating or misstating evidence or implicating "specific rights of the accused such as the right to counsel or the right to remain silent." *Id*. at 181.  Keita's complaints are not in this category of misconduct.  He does not complain of anything which constitutes misconduct.  Keita's prosecutorial misconduct claim fails.

### 7.    Insufficient Evidence

Keita claims that the evidence was insufficient to convict him because Officer Cushenberry and Perea did not testify.  Any claim Keita might have based on insufficient evidence is procedurally barred.  A careful review of the record shows that Keita did not bring this claim in his direct appeal.  Keita does not present any facts or arguments to explain why he did not bring this on direct appeal.  He has not shown cause for his default.  Keita's claims of insufficient evidence are thus procedurally defaulted.

### 8.    Abuse of Discretion in Trial Court Rulings

Keita argues that the decisions made by the trial court violated his right to a fair trial under the Sixth Amendment because the court abused its discretion and led the jury to find him guilty.  Keita claims that the court abused its discretion when it only gave the jury guilty forms and instructed the jury on the lesser included offense; when the trial court sentenced him improperly; and when the state did not call certain witnesses to testify at trial.  All of these claims

concern rulings which are discussed in Keita's previous grounds for relief.  He does not assert a new ground here.  Also, under AEDPA, the federal habeas court does not review state court determinations under an abuse of discretion standard.  Rather, the state court's determinations must be contrary to clearly established federal law.  28 U.S.C. § 2254(d).  None of Keita's claims of abuse of discretion meet this high standard.  Therefore, Keita's claims are meritless.

Keita also claims that the trial court abused its discretion by instructing the jury to "focus on Keita alone about believability, out of all the other witnesses that appeared at trial."  (Pet. 22).  The court instructed the jury that evidence of a witness's prior inconsistent statement "should be considered only to test the believability and weight of the witness's testimony," while evidence of statements made by Keita could be considered by the jury for any purpose. (Resp't's Expanded Supplemental App. 399).  Like the previous claims concerning jury instruction, this claim was deemed procedurally barred by the Minnesota Court of Appeals.  *Keita*, 2013 WL 3968602 at *3.  Keita admits that he did not raise this issue on direct appeal.  Because Keita did not fairly present it in his direct appeal, the court finds this claim to be procedurally defaulted.

## V.   RECOMMENDATION

Based on the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.    Petitioner's Amended Application for Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1), be **DENIED**;

2.      Petitioner's Request for an Evidentiary Hearing (Doc. No. 26) be

**DENIED**; and

3.      This action be **DISMISSED WITH PREJUDICE**.


Date: November 26, 2014

_s/ Jeffrey J. Keyes_

JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 12, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.