UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-647(DSD/JJK)

Mamady Kalifa Keita,

       Petitioner,

v.                                              **ORDER**

Michelle Smith,

       Respondent.

    Mamady Kalifa Keita, #231478, MCF-Stillwater, MN 55003, pro se.

    Jean E. Burdorf, Hennepin County Attorney's Office, A2000, 300 South Sixth Street, Minneapolis, MN 55487, counsel for respondent.

This matter is before the court upon the pro se objection by petitioner Mamady Kalifa Keita to the November 26, 2014, report and recommendation of United States Magistrate Judge Jeffrey J. Keyes. Based on a de novo review of the file, record, and proceedings herein, and for the following reasons, the court overrules the objection and adopts the report and recommendation in its entirety.

**BACKGROUND**

The background of this matter is fully set forth in the report and recommendation, and the court recites only those facts necessary to resolve the present objections. In 2009, a jury convicted Keita in Hennepin County District Court of two counts of first-degree criminal sexual conduct and one count of first-degree

burglary.  Keita v. State, No. A12-1320, 2013 WL 3968602, at *1 (Minn. Ct. App. Aug. 5, 2013).  Keita and another male were accused of committing a rape on April 1, 2009.  Id.

On January 28, 2010, the state court sentenced Keita to a total term of imprisonment of 281 months.  ECF No. 21, at 11-12. The court imposed an 81-month sentence for the burglary conviction and a 281-month sentence for the criminal sexual conduct convictions, and ordered that the sentences run concurrently.  Id. Keita appealed, alleging prosecutorial misconduct and miscalculation of his criminal history score.  State v. Keita, No. A10-766, 2011 WL 978237, at *2-4 (Minn. Ct. App. Mar. 22, 2011). Keita also argued that he was prejudiced because (1) a juror knew his trial attorney, (2) his Sixth Amendment right to confrontation was violated because the prosecutor chose not to call certain witnesses, (3) inconsistent witness statements warranted reversal, and (4) his trial attorney withheld certain objections.  Id. at *4-5.  The Minnesota Court of Appeals affirmed Keita's conviction but found that the district court miscalculated his criminal history score as it related to the criminal sexual conduct convictions. See Keita, 2013 WL 3968602, at *1.  On remand, the district court maintained the 81-month sentence for the burglary conviction, imposed a 172-month sentence for the criminal sexual conduct convictions, and ordered the sentences to run consecutively.  See id.

Keita then filed a pro se petition for post-conviction relief in state court, arguing improper sentencing, improper jury instructions, prosecutorial misconduct, insufficient evidence to convict, partiality of the trial judge, and ineffective assistance of appellate counsel. Id.  The petition was denied. Id. at *1-3. The Minnesota Court of Appeals dismissed many of Keita's arguments because they were raised or should have been raised on direct appeal. Id. at *3 (citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976)).

On March 10, 2014, Keita filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting similar arguments to those made in state court on direct and collateral review. On November 26, 2014, the magistrate judge recommended that the court deny the petition, deny Keita's request for an evidentiary hearing, and dismiss this matter with prejudice. Keita objects.

## ANALYSIS

The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). A federal court may grant a state prisoner's habeas petition if the state court proceeding resulted in a decision "that was contrary to, or involved an unreasonable application of, clearly established Federal law" or "that was based on an unreasonable determination of the facts in

3

light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## I. Procedural Default

Many of the arguments that Keita raises in his federal habeas petition pertain to claims that the magistrate judge found were procedurally defaulted. "A claim is procedurally defaulted if not fairly presented in state court before raising it in federal court." Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005). When a state prisoner procedurally defaults federal claims in state court "pursuant to an independent and adequate state procedural rule," a federal habeas court is barred from reviewing those claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Keita argues that (1) his Sixth Amendment right to a jury trial was violated when the trial court failed to provide the jury with a "not guilty" verdict form for the first-degree criminal sexual conduct charges, (2) the trial court violated his right to due process by providing the jury with a lesser included offense instruction, (3) his trial and appellate counsel were ineffective, (4) the evidence offered at trial was insufficient to convict him of either charge, and (5) the trial court committed error by

instructing the jury to focus solely on his believability as a witness. The magistrate judge found that Keita did not adequately raise these arguments in state court, either on direct or collateral review.

Keita argues that he did not procedurally default some of these claims. He also argues that, even if he did default, the magistrate judge incorrectly concluded that he failed to show cause, prejudice, or a fundamental miscarriage of justice sufficient to overcome the default.[1] Keita first argues that he requested his appellate counsel to address many of these issues, but that his attorney refused. The magistrate judge correctly found that this is insufficient to show cause. See Coleman, 501 U.S. at 753 ("Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" (quoting Murray

---

[1] Keita also reargues the merits of some of these claims. Because the court agrees that the claims are procedurally defaulted, it does not address their merits. Out of an abundance of caution, however, the court finds that Keita's insufficient evidence claim is not procedurally barred to the extent Keita argues that certain inconsistent statements made at trial are fatal to his first-degree sexual conduct conviction. This argument was made on direct appeal and was rejected. See ECF No. 10, at 30; Keita, 2011 WL 978237, at *4 (noting that inconsistent witness statements do not warrant reversal of a jury verdict). The court finds that the state court's dismissal of this argument was neither contrary to federal law nor based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). As a result, habeas relief is not warranted on this basis.

v. Carrier, 477 U.S. 478, 488 (1986)).  Keita also has not shown a fundamental miscarriage of justice resulting from any of these issues, because he does not point to any new evidence that "affirmatively demonstrates that he is innocent of the crime for which he was convicted." Murphy v. King, 652 F.3d 845, 850 (8th Cir. 2011) (citation and internal quotation marks omitted).

Keita also argues that any procedural default is overcome by the fact that he has thoroughly argued many of these issues in his state and federal post-conviction proceedings.  The court disagrees.  Under Minnesota law, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." Knaffla, 243 N.W.2d at 741.  The issues that Keita raised on direct appeal - or those that he knew of but failed to raise - were barred in his state post-conviction proceeding.  As a result, those claims are procedurally defaulted and cannot be the subject of federal habeas review. See Coleman, 501 U.S. at 750.

The court has conducted a thorough review of the record, and agrees that Keita did not adequately raise these arguments in his state proceeding.  The court further agrees that Keita has not shown cause, prejudice, or a fundamental miscarriage of justice resulting from the procedural default.

**II.  Confrontation Clause**

Keita next objects to the determination that his Sixth Amendment right to confrontation was not violated when the prosecution chose not to introduce certain testimony at trial. "[T]he admission of testimonial statements absent an opportunity to cross-examine the declarant violates the Confrontation Clause." Bobadilla v. Carlson, 575 F.3d 785, 791 (8th Cir. 2009) (citing Crawford v. Washington, 541 U.S. 36 2004)).  Here, Keita is not arguing that he was not given an opportunity to address testimony admitted at trial.  Instead, he argues that the prosecution was obligated to call certain witnesses and present testimonial evidence that he believes would have offered support.  The confrontation clause does not impose such an obligation.

**III.  Double Jeopardy**

Keita next argues that the state court violated the double jeopardy clause by allegedly failing to resentence him under the 2008 Minnesota Sentencing Guidelines.[2]  The court has conducted a thorough review of the record, and finds that Keita was indeed sentenced under the 2008 guidelines.  Keita states that his criminal history at the time he was resentenced was three, and as a result, the maximum sentence he could have received for his burglary conviction was thirty-nine months, the top end of the

---

[2] Keita does not persist in his argument that this also violated the ex post facto clause and his due process rights.

range for residential burglary.  See Minnesota Sentencing Guidelines § IV (2008).  Keita, however, was convicted of first-degree burglary, which warrants a higher offense severity of VIII under the 2008 guidelines.  See id. § V.  Moreover, Keita was sentenced under a criminal history score of two, not three.  See ECF No. 21, at 11.  The guideline range in 2008 for a defendant with a criminal history score of two and an offense with a severity level of VIII was fifty-eight to eighty-one months.  See Minnesota Sentencing Guidelines § IV (2008).  As a result, Keita was properly sentenced under the 2008 guidelines.

**IV. Prosecutorial Misconduct**

Keita next objects to the magistrate judge's determination that the prosecutor's alleged misconduct did not deprive him of a fair trial.  Keita does not raise any new arguments on this issue, relying instead on the arguments that he made to the magistrate judge.  State prosecutorial misconduct warrants federal habeas relief only if "the misconduct infected the trial with enough unfairness to render [the] conviction a denial of due process." Roberts v. Bowersox, 137 F.3d 1062, 1066 (8th Cir. 1998).  The court evaluates the totality of the circumstances to determine if there is a reasonable probability that "the remarks affected the trial's outcome."  Id.  After a de novo review of the record, the court agrees that the prosecutor's conduct here does not provide a basis for federal habeas relief.

**V.   Abuse of Discretion in Court Rulings**

Finally, Keita argues that the decisions made by the trial and sentencing court, discussed above, violate his constitutional rights because the court abused its discretion and committed plain error.  The magistrate judge correctly dismissed this argument, noting that each asserted error or abuse of discretion was addressed separately in Keita's previous grounds for relief, and that a federal court does not review the state court's decisions for plain error or abuse of discretion.  The court agrees that the state court's decisions regarding those matters that were fairly presented to it were not contrary to clearly established federal law and not based on an unreasonable determination of the facts in light of the evidence that was presented.  See 28 U.S.C. § 2254(d).

As a result, the court overrules Keita's objection.  The court also finds that Keita has not made a "substantial showing of the denial of a constitutional right" on any of his claims for relief. See 28 U.S.C. § 2253(c)(2).  As a result, the court does not grant a certificate of appealability.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.   Petitioner's objection [ECF No. 44] to the magistrate judge's report and recommendation is overruled;

2.   The magistrate judge's report and recommendation [ECF No. 41] is adopted in its entirety;

3.   Petitioner's application for a writ of habeas corpus [ECF No. 1] is denied;

4.   Petitioner's motion for an evidentiary hearing [ECF No. 26] is denied;

5.   This action is dismissed with prejudice; and

6.   Pursuant to 28 U.S.C. § 2253(c)(1)(A), the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 26, 2015

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court